**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

ANCHOR WALL SYSTEM, INC.,
a Minnesota corporation,

Plaintiff,

Civil No. 01-465 ADM/AJB

v.

**ORDER**

CONCRETE PRODUCTS OF
NEW LONDON, INC.,
a Minnesota corporation,

Defendant.

---

This case came before the Court on Defendant's motion for leave to amend to state a counterclaim for tortious interference with existing and prospective business relations. Based on the file, affidavits, memoranda and arguments of counsel, IT IS HEREBY ORDERED THAT:

1. Defendant's motion is granted [Docket No. 7].

Dated: 12/11/01

Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

After an answer has been filed in a case, a party may amend their pleadings only by leave of court and leave shall be given when justice so requires. FED. R. CIV. P. 15(a). Justification for denying a motion to amend includes futility of the amendment. Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998). Here, Defendant seeks to add a counterclaim for tortious

FILED DEC 11 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

interference with existing and prospective business relations. Plaintiff argues that the motion should be denied on grounds of futility. The Court disagrees.

Plaintiff first argues that there is no such thing under Minnesota law as tortious interference with prospective and existing business relations. Defendant, however, has merely used a label that is sometimes interchanged with tortious interference with contractual relations. See Minnesota Council on Compulsive Gambling v. Minnesota Department of Human Services, No. CX-00-303, 2000 WL 1052158, at *2 (Minn. Ct. App. Aug. 1, 2000) (discussing the tort of interference with prospective contractual relations, but using the phrase "interference with prospective business relations").

Plaintiff next argues that the proposed claim alleges nothing more than Plaintiff giving notice of its patents to a third party. Citing several cases, including Judge Kyle's decision in Keystone Retaining Wall Systems, Inc. v. Rockwood Retaining Walls, Inc., 2001 WL 951582 (D. Minn. Aug 22, 2001), Plaintiff argues that the conduct alleged in the proposed claim constitutes protected activity under Patent law. The court acknowledges that Defendant's proposed claim sets forth *some* conduct that is probably protected. But the proposed claim also alleges that Plaintiff threatened third parties with a boycott. The Court concludes that such allegations, if proved to be true, might support a claim for tortious interference with prospective and existing business relations. Therefore, the Court cannot say that Defendant's proposed claim is clearly frivolous and so; the motion must be granted. Becker v. Univ. of Nebraska at Omaha, 191 F.3d 904, 908 (8th Cir. 1999) (noting that futility should not be the basis for denying a motion to amend unless a proposed claim is clearly frivolous).

AJB