**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| ANCHOR WALL SYSTEMS, INC.<br>a Minnesota corporation,<br><br>Plaintiff,<br><br>v.<br><br>CONCRETE PRODUCTS OF<br>NEW LONDON, INC.<br>a Minnesota corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 01-465<br>(ADM/AJB)<br><br>(Jury Trial Demanded)<br><br>**PROTECTIVE ORDER** |

The parties to this action are ORDERED to comply with the following procedure for the protection of confidential and proprietary information.

***DEFINITIONS***

1. For the purposes of this Order, CONFIDENTIAL INFORMATION means any document, tangible thing, transcript of oral testimony or recorded statement of counsel and the content of such document, thing, transcript or statement, designated by any party as confidential because it contains or is a trade secret or other confidential research, development, or commercial information as those terms are used in FRCP 26(c)(7). By way of example, and not limitation, CONFIDENTIAL INFORMATION may be included in documents, portions of documents, transcripts, answers to interrogatories, briefs, summaries, notes, abstracts, motions, drawings and any instrument which comprises, embodies or summarizes matter which any party considers confidential and desires not to be made public.

FILED DEC 21 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD_______
DEPUTY CLERK_______

2. By way of example and without any limitation, the term "documents" shall include but not be limited to correspondence, memoranda, bulletins, circulars, advertisements, catalogs, publications, or other printed matter, interoffice and/or intracorporate communications, minutes, telegrams, letters, statements, canceled checks, contracts, invoices, drafts, maps, charts, books of accounts, work sheets, notes of conversations, desk diaries, appointment books, expense accounts, recordings, specifications, photographs, motion pictures, computer records, computer files, computer floppy disks, computer memory chips, compilations from which information can be obtained and translated as required through detection devices into reasonably usable form, sketches, drawings, notes (including laboratory notebooks and records), blueprints, disclosures, models, data, reports, work assignments, instructions and other writings within the scope of FRCP 26(b).

***DESIGNATION OF INFORMATION***

3. It is contemplated that one or more of the parties will make available certain of its files for inspection by certain of the other parties, which files may contain confidential as well as non-confidential material, and that following such inspection an inspecting party or parties will designate documents to be copied at their expense and the copies furnished or produced to them. All documents and their contents made available for such inspection shall be assumed to be CONFIDENTIAL INFORMATION and shall be treated as such until the producing party has had the opportunity to designate and mark selected furnished documents as CONFIDENTIAL INFORMATION according to paragraph 4 hereof.

4. Whenever a document or thing produced by any party involves a disclosure of information which the producing party deems to be CONFIDENTIAL INFORMATION which it wishes to be made subject to this Protective Order, the producing party shall designate the confidentiality by marking the document or thing either CONFIDENTIAL or "ATTORNEYS' EYES ONLY" at the time it is turned over to the receiving party. Any copy made of such document or thing or any abstract, summary or memorandum embodying CONFIDENTIAL INFORMATION pursuant to this Order shall bear on its face the legend CONFIDENTIAL or "ATTORNEYS' EYES ONLY".

5. If, during the course of discovery in this action, certain of the parties hereto, or their representatives, are authorized to inspect another party's facilities, or processes, or articles of manufacture on a party's premises which are not publicly available, any documents or things generated as a consequence of any such inspection shall be deemed by the inspecting party, subject to the other provisions of this Order, to comprise or to be CONFIDENTIAL INFORMATION and shall be treated as such.

6. Whenever a deposition taken on behalf of any party hereto involves a disclosure of CONFIDENTIAL INFORMATION of another party, the following procedure shall be implemented:

(a) At the request of the party whose CONFIDENTIAL INFORMATION is subject to disclosure, the reporter shall be directed to bind those portions of the transcript containing CONFIDENTIAL INFORMATION separately. Such request shall be made on the record whenever possible, but any party having the right under paragraph 4 to designate such CONFIDENTIAL INFORMATION may appropriately designate portions of the transcript of depositions as containing CONFIDENTIAL INFORMATION after

transcription as in the case of any other document or tangible thing, provided that written notice of such designation is given within fifteen (15) days to the other parties having the right under paragraph 9 to receive such CONFIDENTIAL INFORMATION. Following such notice, the parties shall confer as to the most convenient way to segregate the designated portions of this transcript. The parties shall not disseminate a deposition transcript or the contents thereof beyond the class of persons designated in paragraph 9 hereof for a period of two (2) weeks after receipt in order to give adequate time for such notice, except that portions of transcripts may be filed under seal with the Court in connection with these proceedings at any time.

(b) The cover of that portion of any deposition transcript which contains testimony which has been designated CONFIDENTIAL INFORMATION shall be prominently marked with the legend referred to in paragraph 4. All portions of deposition transcripts hereinafter taken in this matter when designated as CONFIDENTIAL INFORMATION shall be sealed and dissemination of such transcript portion or the content thereof shall be limited to the persons identified in paragraph 9 hereof, provided that this provision shall not preclude disclosing testimony to any person who is a co-employee of the deponent whose testimony was marked CONFIDENTIAL INFORMATION or was so at the time of the events to which the testimony was directed

7. In the event that any documents which have been designated CONFIDENTIAL INFORMATION are included with or the contents thereof are in any way disclosed in any pleading, motion, deposition transcript, or other paper filed with the Clerk of the Court, such documents and related materials shall be filed with the Clerk of

the Court in sealed envelopes prominently marked with the caption of this case, the identity of the party filing the envelope, and the notation:

**CONFIDENTIAL INFORMATION**

**SUBJECT TO PROTECTIVE ORDER**

**THIS ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED, COPIED OR REVEALED, EXCEPT BY COURT ORDER OR BY AGREEMENT OF THE PARTIES**

***USE OF CONFIDENTIAL INFORMATION***

8. All material produced by any party pursuant to pretrial discovery in this action which is designated by the producing party as containing or comprising CONFIDENTIAL INFORMATION shall be maintained in confidence according to the terms of this Order by the receiving party and used solely in the preparation, prosecution or trial of this action. Nothing herein shall prevent disclosure of any item of CONFIDENTIAL INFORMATION by the party who designated the item CONFIDENTIAL INFORMATION.

9. Unless otherwise provided in this Order, access to CONFIDENTIAL INFORMATION designated as such shall be restricted to the Court and its officers and to the following:

(a) Plaintiff's and Defendant's outside attorneys of record in this matter, i.e., the firms of Merchant & Gould and Moore & Hansen, respectively, and necessary secretarial, clerical and legal assistant personnel of those firms;

(b) outside experts or outside consultants retained by Plaintiff or Defendant for purposes of this litigation and their staff, provided that each such person has first signed an Undertaking in the form attached as Exhibit A;

(c) designated officers of the parties, namely, for Plaintiff, Glenn Bolles; and for the Defendant, Kelly Morrell and Jay Morrell; provided that each such person has first signed an Undertaking in the form attached as Exhibit B; other business representatives can be added as necessary by agreement; and

(d) Confidential Information marked "ATTORNEYS' EYES ONLY" will be disclosed and disseminated only to (1) the persons designated in paragraph (a) above; and (2) outside experts under the provisions of paragraph (b), provided that each such person has first signed an Undertaking in the form attached as Exhibit A; and Douglas Strawbridge to the limited extent provided in paragraph (e) below.

(e) "ATTORNEYS' EYES ONLY" Confidential Information shall be disclosed and disseminated to Douglas Strawbridge only in the offices of outside counsel. Douglas Strawbridge shall in no event remove disseminated "ATTORNEY'S EYES ONLY" information from the premises of outside counsel. Douglas Strawbridge may not have access to information that contains or may reveal names of Defendant Concrete Products' customers. These documents include, but are not limited to, sales transaction data sheets and the portions of expert reports, if any, which may reveal customer identities. Douglas Strawbridge also shall not have access to any production facility of Defendant Concrete Products or any videotapes or photographs taken during the inspection of any such facilities. However, Douglas Strawbridge may have access to the expert report relating to the inspection of any production facility of Concrete Products,

provided such report is narrowly within the scope of any method claims alleged against Defendant Concrete Products.

10. The receipt of any document, thing or interrogatory response designated as CONFIDENTIAL INFORMATION by a party shall not be construed as agreement by any other party that any such document, thing or interrogatory response is in fact confidential, and shall not operate as a waiver of any party's right to challenge any such designation as provided herein.

11. The parties shall act in good faith in designating CONFIDENTIAL INFORMATION. In the event of any dispute with respect to the propriety or correctness of the designation of information, including testimony and documents, as CONFIDENTIAL INFORMATION, the parties shall attempt to resolve the dispute by negotiation. If such negotiations fail to resolve the dispute, any party wishing to challenge the designation may then file a motion with the Court for an appropriate order. The information shall be treated as designated CONFIDENTIAL INFORMATION until the motion is resolved.

12. No party shall be obligated to challenge the propriety or correctness of the designation of information as CONFIDENTIAL INFORMATION and a failure to do so shall not preclude a subsequent challenge to such status.

13. (a) If a producing party inadvertently discloses to a receiving party any document, thing or information containing matter that it deems confidential without designating it as CONFIDENTIAL INFORMATION, the producing party shall upon discovery of such inadvertent disclosure promptly inform the receiving party in writing and the receiving party shall thereafter treat the document, thing or information as

CONFIDENTIAL INFORMATION under this order. To the extent such document, thing or information may have been disclosed to persons other than authorized persons described in this document, the receiving party shall make every reasonable effort to retrieve the document, thing or information promptly from such persons to limit any further disclosure to non-authorized persons.

(b) If a producing party inadvertently discloses to a receiving party information that is privileged or otherwise immune from discovery, the producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned and no party to this action shall thereafter assert that such disclosure waived any privilege or immunity. It is further agreed that the receiving party will return such inadvertently produced item or items of information and all copies thereof within ten (10) days of the earliest of (i) discovery by the receiving party of its inadvertent production, or (ii) receiving a written request from the disclosing party for the return of such item or items of information. The party having returned such inadvertently produced item or items of information shall not be deemed to have waived its right to challenge the privilege or immunity and may thereafter, without asserting waiver because of inadvertent production, seek production of any such documents in accordance with the Federal Rules of Civil Procedure.

14. Promptly upon completion of the litigation, receiving parties shall destroy or return to producing parties, all documents designated by producing parties as CONFIDENTIAL INFORMATION and all copies thereof and shall destroy all extracts, excerpts and summaries of data from such documents, including electronic records,

except that trial counsel for each party may retain one copy of each document for record purposes only.

***OTHER***

15. Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery materials, or relief from this Protective Order with respect to particular material designated hereunder

16. Each of the firms and parties named above, by executing a copy of this Protective Order, undertakes to abide by and be bound by its provisions and to use due care to see that its provisions are known and adhered to by those under its supervision or control.

17. Each of the firms and parties named above shall require any consultant or expert who is retained by them and is to inspect or otherwise obtain CONFIDENTIAL INFORMATION of another party to execute an undertaking in which the consultant or expert agrees to be bound by the requirements of this protective order and to use due care in preserving the confidentiality of such CONFIDENTIAL INFORMATION.

IT IS SO ORDERED this 21st day of December, 2001.

Arthur J. Boylan
United States Magistrate Judge

ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| ANCHOR WALL SYSTEMS, INC. a Minnesota corporation, Plaintiff, | ) | Civil Action No. 01-465 (ADM/AJB) |
| v. | ) | (Jury Trial Demanded) |
| CONCRETE PRODUCTS OF NEW LONDON, INC. a Minnesota corporation, Defendant. | ) | **STIPULATION** |

---

IT IS HEREBY STIPULATED AND AGREED, by and among the undersigned counsel for Anchor Wall Systems, Inc. ("Plaintiff") and Concrete Products of New London, Inc. ("Defendant"), subject to the approval of the Court, that the attached PROTECTIVE ORDER shall be adopted for the disclosure and protection of confidential and proprietary information.

AGREED TO BY THE PARTIES:

**MERCHANT & GOULD P.C.**

Dated: December 19, 2001

By William F. McIntyre

Alan Carlson, MN Reg. #14801
Jeffer Ali, MN Reg. #247947
William F. McIntyre, MN Reg. #307555
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: 612/332-5300
Facsimile: 612/332-9081

Of Counsel:
Douglas A. Strawbridge, MN Reg. #106318
ANCHOR WALL SYSTEMS, INC.
5959 Baker Road, Suite 390
Minnetonka, Minnesota 55345-5973
Phone: (952) 933-8855
Fax: (952) 938-4114

**ATTORNEYS FOR PLAINTIFF ANCHOR WALL SYSTEMS, INC.**

**MOORE & HANSEN**

Dated: December 17, 2001

By M L Moore

Malcolm L. Moore, Reg. No. 74779
2900 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: 612/332-8200
Facsimile: 612/332-1780

**ATTORNEYS FOR DEFENDANT CONCRETE PRODUCTS OF NEW LONDON, INC.**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| ANCHOR WALL SYSTEMS, INC.<br>a Minnesota corporation,<br><br>Plaintiff,<br><br>v.<br><br>CONCRETE PRODUCTS OF<br>NEW LONDON, INC.<br>a Minnesota corporation,<br><br>Defendant. | ) | Civil Action No. 01-465<br>(ADM/AJB)<br><br>(Jury Trial Demanded)<br><br>**CONFIDENTIALITY UNDERTAKING** |

---

I, ________________________________ being duly sworn, hereby state:

1. I maintain an office and place of business at ________________________ _________________________________________________. I have been retained by [Anchor Wall Systems, Inc./Concrete Products of New London, Inc.] to assist it in connection with the above-identified action.

2. I have received a copy of the Stipulation and Protective Order entered in this action, and have read and understand its terms. I hereby agree to be bound by the terms of that Order.

3. I hereby consent to the exercise of personal jurisdiction over me by the Court in this action for the purposes of enforcing the terms of the Stipulation and Protective Order.

_________________________________

Subscribed and sworn to before me
this _____ day of _______________, 2001

__________________________________
Notary Public

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| ANCHOR WALL SYSTEMS, INC.<br>a Minnesota corporation,<br><br>Plaintiff,<br><br>v.<br><br>CONCRETE PRODUCTS OF<br>NEW LONDON, INC.<br>a Minnesota corporation,<br><br>Defendant. | ) | Civil Action No. 01-465<br>(ADM/AJB)<br><br>(Jury Trial Demanded)<br><br>**CONFIDENTIALITY UNDERTAKING** |

---

I, ________________________________ being duly sworn, hereby state:

1. I am an officer or employee of [Anchor Wall Systems, Inc./Concrete Products of New London, Inc.]. I hold the position of _____________________ and maintain an office and place of business at ____________________________________ ________________________________________________________________.

2. I have received a copy of the Stipulation and Protective Order entered in this action, and have read and understand its terms. I hereby agree to be bound by the terms of that Order.

3. I hereby consent to the exercise of personal jurisdiction over me by the Court in this action for the purposes of enforcing the terms of the Stipulation and Protective Order.

________________________________

Subscribed and sworn to before me
this _____ day of _______________, 2001

________________________________
Notary Public

**EXHIBIT B**

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.