**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Anchor Wall Systems, Inc.,

Plaintiff,

vs.

Concrete Products of New London, Inc.,

Defendant.

**MEMORANDUM OPINION AND ORDER**
Civil No. 01-465 ADM/AJB

---

Alan G. Carlson, Esq., Jeffer Ali, Esq., and William F. McIntyre, Esq., Merchant & Gould, P.C., Minneapolis, MN, on behalf of Plaintiff.

Randall T. Skaar, Esq., Eric H. Chadwick, Esq., and Scott G. Ulbrich, Esq., Patterson, Thuente, Skaar & Christensen, P.A., on behalf of Defendant.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Defendant Concrete Products of New London, Inc.'s ("Defendant"), Objections and Appeal [Docket No. 60] from the October 16, 2002, Report and Recommendation ("R&R") of Magistrate Judge Arthur J. Boylan [Docket No. 58]. The R&R recommended that Plaintiff Anchor Wall Systems, Inc.'s ("Plaintiff"), Motion to Strike be granted. For the reasons set forth below, the R&R is adopted. The factual background for this matter is adequately set forth in the R&R and is incorporated by reference for the purposes of the present objections.

## II. DISCUSSION

A district court shall make an independent, *de novo* evaluation of those portions of the R&R to which objection is made and may accept, reject, or modify, in whole or in part, the

DEC 03 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

findings or recommendations made by the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.1(c)(2).

It is undisputed that Defendant faxed a one page sketch of a "new" block design to Plaintiff on May 15, 2002, the fact discovery deadline set by Judge Boylan. Defendant explains that the "only changes made to the new blocks . . . was to move the splitter slot . . .," and that the "splitter slot location change did not present any new basis for non-infringement" as related to Defendant's pending Motion for Partial Summary Judgment of Non-Infringement. Def. Mem. at 2-3. Defendant argues that the new block designs should be allowed because a potential second lawsuit may ensue regarding the new blocks.

However, the new block designs are not appropriately at issue in this case. The new blocks did not exist at any material time relevant to the disposition of Plaintiff's charges. There is no evidence of any use or sale of the newly designed blocks. Accordingly, their inclusion now would be peripheral to the relevant issues regarding the allegedly infringing blocks existing throughout the time period set for discovery and motions. Because the new block designs were not disclosed to Plaintiff until the final day of the discovery period, Plaintiff could not conduct discovery on the new blocks depicted in the hand-drawn design sketches. The current claim charts, expert reports and claim interpretation documents submitted by the parties accordingly do not address or incorporate these new blocks. To allow the new block designs to become a part of the record at this time would subvert the purpose of Judge Boylan's pre-trial scheduling orders and would ultimately result in the court issuing an advisory opinion rather than adjudicating infringement. Defendant's Objections are denied, and Judge Boylan's R&R is adopted.

## III. CONCLUSION

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Objections and Appeal [Docket No. 60] are **DENIED,**
2. The R&R [Docket No. 58] is **ADOPTED**, and
2. Plaintiff's oral Motion to Strike is **GRANTED**.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Date: December 3, 2002