**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Anchor Wall Systems, Inc.,

Plaintiff,

v.

**ORDER**
Civil No. 01-465 ADM/AJB

Concrete Products of New London, Inc.,

Defendant.

---

Alan G. Carlson, Esq., Carlson, Caspers, Vandenburgh & Lindquist, Minneapolis, MN, for Plaintiff.

Randall T. Skaar, Esq., Patterson, Thuente, Skaar & Christensen, P.A., Minneapolis, MN, for Defendant.

---

On April 7, 2003, pursuant to Local Rule 7.1(g), counsel for Defendant submitted a letter to this Court requesting leave to move for reconsideration of the Court's March 26, 2003 Order on the narrow issue of construction of the term "core." Permission for each party to file a short memorandum of their respective positions was granted and counsels' submissions were received May 7, 2003. The matter is thus currently before the undersigned United States District Judge on Defendant Concrete Products of New London, Inc.'s ("Defendant") Motion for Reconsideration.

Defendant urges the Court to withdraw the description "relatively large" in the interpretation of "core," arguing that it renders the claim indefinite and enlarges its scope. Plaintiff Anchor Wall Systems, Inc. counters that the claim construction properly reflects the usage understood by those in the industry and indicated in the patent record, and serves the intended purpose of assisting the jury in the infringement analysis.

FILED MAY 0 9 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENT'D
DEPUTY CLERK

After due consideration of the arguments on behalf of both parties, the March 26, 2003 Order will not be modified. While a court must not read limitations into a claim, it must "interpret[] what is *meant* by a word *in* a claim" to discern the meaning of disputed terms and phrases so as to provide a basis for comparison in determining infringement. Intervet Am., Inc. v. Kee-Vet Labs., Inc., 887 F.2d 1050, 1053 (Fed. Cir. 1989); see also Markman v. Westview Instruments, Inc., 52 F.3d 967, 976 (Fed. Cir. 1995) (en banc), aff'd, 517 U.S. 370 (1996). Without some description, this purpose could not be served. Accordingly, Defendant's Motion for Reconsideration is denied.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: May 9, 2003