**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Anchor Wall Systems**

**Civil No. 03-CV-3271 (SRN)**
**Civil No. 01-CV-0465 (SRN)**

**Plaintiff,**

**v.**

**ORDER**

**Concrete Products of New London,**

**Defendant**

---

This matter is before the Court upon Defendant's Amended Objections to and Appeal of Magistrate Judge Arthur J. Boylan's Orders of March 12, 2004 and May 13, 2004 regarding Plaintiff's Motion in Limine Regarding Validity and Enforcement (Doc. No. 98). Based on a review of the record herein, the Court finds that Magistrate Judge Boylan's Orders are neither clearly erroneous nor contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.1(b)(2).

Accordingly, **IT IS HEREBY ORDERED** that the orders of the United States Magistrate Judge dated March 12, 2004 and May 13, 2004, are affirmed in all respects.

Dated: July 2, 2004

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

**MEMORANDUM**

Plaintiff Anchor Wall Systems has two pending patent infringement suits against Defendant Concrete Products of New London.[1] Plaintiff has sought confirmation of the prior art upon which Defendant will rely in its defense at trial. In Anchor I, the Pretrial Scheduling Order required Defendant to submit a prior art statement by February 1, 2002, setting forth the prior art upon which it intended to rely. The Order also provided that Defendant could only add prior art to its original statement by showing that "[the additional prior art] was not and could not reasonably have been located earlier by the defendant."

In addition, Plaintiff served a contention interrogatory regarding prior art, which Defendant answered in September 2001, identifying three pieces of prior art. Defendant served its prior art statement on February 1, 2002 and added several more pieces of prior art. Defendant has not supplemented its interrogatory response nor its prior art statement from Anchor I. Following the close of discovery in Anchor I, Plaintiff brought a second case against Defendant. In Anchor II, Plaintiff again served an interrogatory regarding prior art, to which Defendant responded, incorporating its prior art statement from Anchor I and identifying several new pieces of prior art. Defendant did not supplement its answer to the prior art interrogatory before the discovery deadline of October 6, 2003.

In its response to Plaintiff's Motion for Partial Summary Judgment and in its replacement expert's report, Defendant has, however, referred to prior art that Plaintiff contends was not previously identified.

---

[1]Referred to as "Anchor I," 01-CV-0465, and "Anchor II," 03-CV-3271.

In his March 12, 2004 Order, Magistrate Judge Boylan ruled that the following prior art references were to be excluded at trial: the Johnson Block Cap, the Allan Block and the Handi-Stone Block. Magistrate Judge Boylan ruled that the Rockwood E-Z Wall block could be used as a prior art reference, but upon reconsideration, reversed his ruling in a May 13, 2004 Order, finding that Defendant did not provide proper notice of its intent to use the Rockwood E-Z Wall block as prior art.

Defendant now appeals these rulings and also challenges Magistrate Judge Boylan's rulings as to expert John Potter, specifically, that "Defendant may not reference in this litigation any discussions Potter took part in during the late 1980s regarding adding a rear lip to the block. Specific factual details of Potter's employment with Keystone should be stricken from the expert report." (Order of 3/12/04.)

While 35 U.S.C. § 282 sets forth a minimum period for the identification of prior art, a specific judicial directive for the timing of discovery establishes the procedures by which the parties are bound. ATD Corp. v.Lydall, Inc., 159 F.3d 534, 551 (Fed. Cir. 1998). The pretrial scheduling order in Anchor I required Defendant to identify prior art by February 1, 2002.

In Anchor II, Defendant identified additional prior art upon which it intended to rely, but did not name the Johnson Block Cap, the Allan Block, the Handi-Stone or the Rockwood E-Z Wall as prior art in response to interrogatories or in any manner sufficient to place Plaintiff on notice. Having reviewed the evidence, the Court concurs with Magistrate Judge Boylan's findings. As to the Johnson Block Cap, Defendant identified the Johnson Block as prior art and discussed it, but did not mention the Johnson Block Cap until it filed its Memorandum of Law in Opposition to Plaintiff's Motion for

Partial Summary Judgment (Doc. No. 73.) While Defendant contends that the "Cap" was part of the Johnson Block brochure and was thus part of its submissions to Plaintiff, if Defendant had intended to use the Johnson Block Cap as prior art, it would have specifically named it and Plaintiff is not required to ferret out this information. Likewise, the Allan Block and Handi-Stone block were not identified as prior art until the receipt of Potter's expert report, filed after the close of discovery.

Under Fed. R. Civ. P. 26(e)(2), a party has a "duty to seasonably amend a prior response to an interrogatory. . . if the party learns that the response is in some material respect incomplete or incorrect or and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Parties must provide clear responses to discovery requests to ensure that litigation functions efficiently. Transclean Corp. v. Bridgewood Services, Inc., 101 F.Supp.2d 788, 797 (D. Minn. 2000). While Defendant argues that it provided notice of its intent to rely on the prior art at issue, the Court agrees with Magistrate Judge Boylan's conclusion that "three pages out of thirty-six, attached to a letter in response to a document request does not suffice to put Plaintiff on notice. Nor do two names on a witness list or the incorporation of over 375 prior art citations that Plaintiff submitted to the USPTO, one of which is the E-Z Wall block." (Order of 5/13/04 at 4.)

As to Magistrate Boylan's decision regarding conversations involving Potter, the Court interprets the March 12, 2004 Order in the same fashion as Plaintiff, namely, that Potter is not precluded from testifying as to general factual information about his employment, such as dates of employment at Keystone, positions held and general job duties. (See Pl.'s Mem. in Opp. to Def.'s Objections at 13, n. 11.) Potter is prohibited, however, from offering description of conversations as

"factual evidence." Magistrate Judge Boylan excluded these references for lack of corroborating evidence and the Court finds that his decision was not clearly erroneous nor contrary to law.

Finally, while Defendant argues that Plaintiff would not be prejudiced if the new prior art were admissible, the Court disagrees. "A party that fails to disclose information required by 26(a) or 26(e)(1) shall not be permitted to use [the materials not disclosed] at trial . . . unless such failure is harmless or there was substantial justification for that failure." Transclean Corp., 101 F.Supp.2d at 795; see Fed. R. Civ. P. 37(c). Defendant did not sufficiently identify the prior art at issue in either its prior art statement, its Anchor I contention interrogatory answers, its Anchor II contention interrogatory answers, or its timely expert reports. Thus, Plaintiff did not conduct discovery as to whether the blocks, literature or conversations constituted invalidating prior art. The Court agrees with Magistrate Boylan's decision that to permit the use of such prior art would indeed prejudice Plaintiff. Further, the Court is not persuaded that Defendant's failure to previously identify this prior art was substantially justified. Accordingly, the Court finds that Magistrate Judge Boylan's Orders were neither clearly erroneous nor contrary to law.

SRN