**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Anchor Wall Systems, Inc.,

Plaintiff,

v.

Concrete Products of New London, Inc.,

Defendant.

**MEMORANDUM OPINION AND ORDER**
Case No. 01-465 SRN
Case No. 03-3271 SRN

---

Alan Carlson, Esq. and Dennis C. Bremer, Esq., Carlson, Caspers, Vandenburgh & Lindquist, Minneapolis, MN, on behalf of Plaintiff.

Jonathan D. Jay, Esq. and Terrance C. Newby, Esq., Leffert, Jay & Polglaze, P.A., Minneapolis, MN, on behalf of Defendant.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge on Defendant Concrete Products of New London, Inc.'s ("Defendant") Motion to Withdraw Consent and Motion to Recuse Magistrate Judge Susan Richard Nelson [Docket No. 123]. In its opposition memorandum, [Docket No. 127] Plaintiff Anchor Wall Systems, Inc. ("Plaintiff") argues Defendant's Motions should be denied on the merits. However, for reasons of efficiency, Plaintiff has agreed to a Joint Stipulation [Docket No. 129] reassigning the cases to the undersigned District Judge. For the reasons set forth below, Defendant's Motion to Withdraw Consent is denied.

## II. DISCUSSION

In May 2004, Defendant and Plaintiff consented to trial before a United States Magistrate

Judge [Docket Nos. 94 and 95]. The consent form was signed by both parties on May 10, 2004. Since that time, Judge Nelson has presided over several motions and hearings in these cases. Although Plaintiff has agreed, in the interest of efficiency, to a stipulation to reassign the cases to this District Judge, no time is to be gained at this late date by once again changing judges. A District Court may allow withdrawal of consent to trial before a Magistrate Judge, however, the circumstances must be extraordinary. "The court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate under this subsection." 28 U.S.C. § 636(c)(4). "The district judge, for good cause shown on the judge's own initiative, or under extraordinary circumstances shown by a party, may vacate a reference of a civil matter to a magistrate judge under this subdivision." Fed. R. Civ. P. 73(b).

The case law in all circuits is unanimous in holding there is no absolute right to withdraw consent. See Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993); Carter v. Sea Land Services, Inc., 816 F.2d 1018, 1020 (5th Cir. 1987). As a result, Defendant's Motion to Withdraw Consent must be denied. Here, Defendant has failed to present evidence constituting extraordinary circumstances which would warrant the withdrawal of its prior consent to trial before Judge Nelson. The Defendant's only attempt to create a record of extraordinary circumstances centers on a claim of an attenuated social relationship between the children of Plaintiff's president and the children of Judge Nelson. These circumstances fall far short of extraordinary and suggest an attempt to "judge-shop."

Defendant also moves for the recusal of Judge Nelson. If serious issues of conflict of interest and appearance of impropriety exist, this motion should properly be raised before Judge Nelson. Currently, the record only contains Defendant's record of events, which Plaintiff states is inaccurate.

Moreover, Judge Nelson has had no opportunity to respond to the allegations questioning her impartiality.

## III. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Withdraw Consent [Docket No. 123] is **DENIED**. The Motion to Recuse Magistrate Judge Susan Richard Nelson [Docket No. 123] is referred to Judge Nelson for disposition.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: January 4, 2005.